■ LOUIS LONGO, Respondent-Appellant, v. BELL AEROSPACE CORPORATION et al., Appellants-Respondents.— Order insofar as it denied defendants' motion for summary judgment reversed, without costs of this appeal to any party, and motion granted, without costs. Memorandum: Plaintiff, an employee of Bell Aerosystems Company (a division of defendant, Bell Aerospace Corporation) seeks to compel his reinstatement in a so-called salaried pension plan. Plaintiff from 1954 to 1960 was employed by Bell or a predecessor company, Bell Aircraft Company. During those years there was in effect a retirement plan for salaried employees, of which plaintiff was a member. Pertinent here is the following provision of paragraph (c) of subdivision 4 of the plan: " The status of an employee as salaried or other than salaried shall be determined solely by [Bell] and in a non-discriminating manner (i.e., all employees will be considered on the basis of their group qualification rather than on an individual basis)." In August, 1960 Bell by its unilateral act transferred some 700 employees, who were nonexempt under the Fair Labor Standards Act (that is, they were not professional, administrative, or executive personnel), from salaried to hourly status. Included in this number was a group of 491 technicians of which plaintiff was one. Pursuant to other provisions of the plan plaintiff continued as a member thereof until December 31, 1961 when he became eligible for membership in the so-called hourly retirement plan. We find no triable factual issue. If the language of a contract is unambiguous the construction thereof is a legal issue for the court (*Gearns* v. *Commercial Cable Co.*, 293 N. Y. 105, 109; *Kuniholm* v. *Kuniholm,* 11 N Y 2d 358, 362). The quoted portion of the plan gave to the employer the sole right to determine the status of an employee as salaried or hourly so long as it was done in " a non-discriminating manner ". These words were further defined to require that an employee could not be classified on an individual

basis but only by group qualification. No facts are presented to raise a triable issue that the action of Bell in so transferring a group of nearly 500 technicians was a discriminatory act as to the individual plaintiff. All concur, except Goldman, J., who dissents and votes to affirm in the following Memorandum: I concur with Special Term's determination that "there is a substantial question of fact as to whether the action of defendant in re-classifying plaintiff was discriminatory and also as to the circumstances surrounding the negotiation and execution of the collective bargaining agreement as they may bear upon the interpretation to be given it". Plaintiff's affidavit asserts that the group of which he is a member was dealt with in a discriminatory and unfair manner in the transfer of their status from salaried to hourly classification. In support of this contention plaintiff cites the fact that many technicians at the Hurst, Texas plant "who have the same job classification as the deponent and other technicians at the Wheatfield Plant" were permitted to retain their salaried classification. Plaintiff further categorically states that the unilateral action of defendant Bell Aerospace Corporation in the removal of plaintiff and his group from the salaried pension plan was an arbitrary act of bad faith and unfair dealing on the part of the defendant corporation, and that the explanation given by Bell that it was done to cope with a "morale problem" is spurious. In support of this contention plaintiff asserts that "the removal of the employees from the salaried pension plan resulted in lower morale". This specific charge, supported by the fact that the change in status resulted in a loss of benefits, requires full exploration in a trial as to the reasons and motives for the change. Plaintiff further avers that during bargaining negotiations resulting in the contract of October 8, 1962 Bell's Vice President Wacks represented that it "would not result in a waiver of the court action nor the giving up of any rights to reinstatement in the salaried pension plan". In his reply affidavit, Bell's Vice President Wacks denied that there was "a distinct understanding" and asserts that this fact statement by the plaintiff "is totally incorrect". The affidavit of Vice President Wacks further denies the making of various promises claimed by the plaintiff and avers that the plaintiff's statements were an "erroneous interpretation of my testimony". The truth of these and other contradictory claims can only be ascertained following a trial. "It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the existence of a triable issue or when the issue is arguable since ' " issue-finding, rather than issue-determination, is the key to the procedure " ' (*Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 404 [1957]). This is so because the granting of such a motion is the procedural equivalent of a trial." (*Falk* v. *Goodman,* 7 N Y 2d 87, 91.) Whether defendant Bell acted in good faith and in a nondiscriminatory manner in the action it took in the transfer of its employees from the more beneficial basis as salaried employees cannot be summarily decided but should await a plenary trial for resolution. (Appeal by defendants from that part of an order of Erie Special Term denying defendant's motion for summary judgment; cross appeal by plaintiff from that portion of same order which denied his motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.